IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

AVENAU GREGOIRE,

Plaintiff,

CASE NO.: ________________________

v.

PUBLIX SUPER MARKETS, INC.

Defendant.

__________________________________|

**COMPLAINT FOR UNLAWFUL DISCRIMINATION AND RETALIATION**

This employment discrimination lawsuit is based on the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq*., and on the Florida Civil Rights Act of 1992 ("FCRA"), for employment discrimination on the basis of disability as well as an action for the unlawful retaliation under Title VII of the Civil Rights Act of 1964, as amended, (Title VII) and the "FCRA", that resulted in wrongful termination.

**Parties**

1. Plaintiff, AVENAU GREGOIRE, ("GREGOIRE"), is a black male of Haitian nationality, ancestry and descent and is a citizen of the State of Florida and a permanent resident of Broward County, Florida.

2. Defendant, PUBLIX SUPER MARKETS INC., ("PUBLIX") is a corporation that is incorporated under the laws of the State of Florida. PUBLIX has its principal place of business Lakeland, Florida, but conducts business throughout the State of Florida.

3. Plaintiff, GREGOIRE, was employed by PUBLIX from June 6, 1998, until his employment was involuntarily terminated by Defendant, PUBLIX, on or about July 11, 2008.

4. At all times material, Defendant, PUBLIX, is and was an "Employer" within the meaning of the ADA, the FCRA and Title VII and who employs in excess of 500 employees.

**Jurisdiction**

5. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331, and under 42 U.S.C. §12133, of the ADA, as amended, which incorporates the provisions of 29 U.S.C. §794a, as amended, for violations of Title II of the ADA, and under the ADA generally, as well as 42 U.S.C. § 2000e-5 (Title VII).

**Venue**

6. Venue in the Southern District is proper under 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f) because the acts of discrimination took place and were committed within Broward County, Florida.

**Exhaustion of Administrative Remedies**

7. On or about November 28, 2008, Plaintiff, GREGOIRE, timely filed a charge of discrimination against PUBLIX with the Equal Employment Opportunity Commission ("EEOC").

8. At the time of filing the charge with EEOC, Plaintiff alleged unlawful retaliation under Title VII because his employment with the Defendant was involuntary terminated because of Plaintiff's complaint to his supervisor about a hostile work environment, being laughed at (ridiculed) by other employees. Furthermore, GREGOIRE requested a transfer to another PUBLIX, but his request for transfer was denied and remained subject to the hostile work environment. Instead, the Defendant fired the Plaintiff under the pretext of his stealing time.

9. On or about July 14, 2010, the EEOC issued a Notice of Suit Rights. (See Exhibit "A")

10. Plaintiff, GREGOIRE, files this complaint within ninety (90) days after receiving a notice of the right to sue from the EEOC.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**

11. Plaintiff, GREGOIRE, sues Defendant, PUBLIX, and re-alleges Paragraph 1 through 10, as if fully set forth herein and incorporated by this reference.

12. Plaintiff, GREGOIRE, is deaf and that substantially limits one of more major life activities. Deafness is considered a disability under 42 U.S.C. §§ 12102, 12111(8) of the American with Disabilities Act ("ADA").

13. Plaintiff, GREGOIRE, is permanently deaf and such impairment is not transitory.

14. Plaintiff, GREGOIRE, is otherwise qualified to perform the essential functions as a grocery stock clerk which he performed since he has been employed by PUBLIX, on June 6, 1998, through and until the date of his termination.

15. Plaintiff, GREGOIRE, is an employee within the meaning of the ADA, 42 U.S.C. §12111(4).

16. Plaintiff notified the Defendant of his disability and/or Defendant was aware of the Plaintiff's handicap/disability. Plaintiff's complained to his supervisor that his co-workers were mocking him and making fun of him while he was aware of it.

17. Plaintiff told Defendant to do something about the hostile environment, that is a simple request not to have other supervisors and/or co-workers laugh at him, but instead the Defendant fired him after almost 10 years of working with the Plaintiff under the pretext that Plaintiff was stealing time from the Defendant.

18. Plaintiff's requests for the accommodation is simple and minimal: that is to have other supervisors and co-workers stop laughing at him and stop ridiculing him because of his handicap/disability: deafness.

19. PUBLIX violated the ADA by intentionally discriminating against Plaintiff, GREGOIRE, on the basis of his handicap/disability (deafness). PUBLIX's discriminatory acts include termination without cause.

**Damages**

20. As a direct and proximate result of PUBLIX's conduct, Plaintiff, GREGOIRE, suffered the following injuries and damages:

a. Plaintiff, GREGOIRE, was discharged from employment with PUBLIX. Although Plaintiff, GREGOIRE, has diligently sought other employment, he has been unable to find a job or at least one with comparable compensation. In addition, Plaintiff, GREGOIRE, has incurred expenses in seeking other employment.

b. Plaintiff, GREGOIRE, suffered loss of his pension or retirement benefits.

c. Plaintiff, GREGOIRE, suffered mental anguish and emotional distress in the past and future.

d. Loss of earning capacity.

**Attorney Fees**

22. Plaintiff, GREGOIRE, is entitled to an award of attorney fees and cost under 42 U.S.C. §12205.

**Prayer**

23. For these reasons, Plaintiff, GREGOIRE, asks for judgment against PUBLIX for the following:

a. Damages in the form of back pay, front pay, wage loss, salary, employment benefits or other compensation denied or lost by the foregoing act(s);

b. Prejudgment interest at the prevailing rate from the date he was terminated, the award of back pay, front pay, wages, salary, employment benefits or other compensation and actual monetary losses sustained by GREGOIRE as a result of the foregoing acts;

c. Pre-Judgment interest; Post-judgment interest;

d. Compensatory damages to the maximum extent allowed under the law for GREGOIRE's emotional pain, suffering and mental anguish;

e. All other just, equitable and proper relief to which Plaintiff GREGOIRE is entitled under the circumstances.

**COUNT II**
**VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000(E)**
**FOR UNLAWFUL RETALIATION**

24. Plaintiff, GREGOIRE, sues Defendant, PUBLIX, and re-alleges Paragraph 1 through 10, as if fully set forth herein and incorporated by this reference.

25. By reason of each and every act as alleged, the Defendant, PUBLIX, has retaliated against Plaintiff, GREGOIRE and denied him an opportunity for employment and terminated his

employment on the basis of him having complained of an unlawful employment practice and in filing charges with the EEOC.

26. As a direct and proximate result of the intentional discriminatory and retaliatory action practices by the Defendant, PUBLIX, its agents and employees, Plaintiff GREGOIRE has suffered and continues to suffer injury including loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

**Prayer**

27. For these reasons, Plaintiff, GREGOIRE, asks for judgment against PUBLIX for the following:

a. Damages in the form of any pay, wage, salary, employment benefits or other compensation denied or lost by the foregoing act(s);

b. Prejudgment interest at the prevailing rate from the date GREGOIRE was terminated, the award of pay wages, salary, employment benefits or other compensation and actual monetary losses sustained by him as a result of the foregoing acts;

c. Post-judgment interest;

d. Compensatory damages to the maximum extent allowed under the law for GREGOIRE's emotional pain, suffering and mental anguish;

e. A declaratory judgment;

f. Front pay and back pay;

g. An award of costs and reasonable attorney's fees;

h. All other just, equitable and proper relief to which Plaintiff GREGOIRE is entitled under the circumstances.

**Demand for Jury Trial**

28. Plaintiff, GREGOIRE, request a trial by jury on all issues.

___________/s/__________________

James Jean-Francois, Esq.
Fla. Bar. No.: 0495115
Attorney for the Plaintiff, Gregoire
Law Offices of James Jean-Francois, PA
6100 Hollywood Blvd Ste 211
Hollywood FL 33024
Telephone: (954) 987-8832
Telecopier: (954) 987-2622
jjonlaw@hotmail.com